UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYMEYON HILL,<br><br>            Plaintiff,<br><br>      v.<br><br>C. MARTINEZ, et al.,<br><br>            Defendants. | Case No. 21-cv-00446-YGR (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND; AND DENYING PLAINTIFF'S PENDING DISCOVERY MOTION AS PREMATURE** |

## I.   INTRODUCTION

Plaintiff, a civil detainee who is currently in custody at Salinas Valley State Prison ("SVSP"), filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983.  Thereafter, Plaintiff filed an amended complaint and then a second amended complaint ("SAC"), which is the operative complaint in this action.  Dkt. 10.  Plaintiff also requests leave to proceed *in forma pauperis*, which will be granted in a separate written Order.  Dkts. 8, 11.  Lastly, Plaintiff has filed a document entitled, "Motion Request[ing] to Conduct Discovery and Set Scheduling Conference" (Dkt. 9), in which Plaintiff requests the Court to "set a date for discovery."  The Court DENIES the discovery motion as premature.  Dkt. 9.

Venue is proper because the events giving rise to the claim is alleged to have occurred as SVSP, which is located in this judicial district.  *See* 28 U.S.C. § 1391(b).

In his SAC, Plaintiff names the following Defendants at SVSP: Accounting Supervisor C. Martinez; Accounting Employee Emily Perez; and Warden M. B. Atchley.  Dkt. 10 at 2.[1]  Plaintiff seeks monetary damages.  *Id.* at 5.

---

[1] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by Plaintiff.

## II. DISCUSSION

### A. Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations and internal quotation marks omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### B. Legal Claims

First, Plaintiff claims that "on or around January 20, 2021, [he] filed a retaliation claim" against Defendants Perez, Martinez, and Atchley." Dkt. 10 at 2-3. Plaintiff then claims that on October 15, 2020,[2] he "filed for stimulus money and the funds were sent to SVSP." *Id.* at 3. Defendant Martinez "received Plaintiff['s] funds on [or] around 2-18-21 [but] Defendant then retaliated against Plaintiff by refusing to process the funds sent by the Department of Treasury." *Id.* Plaintiff claims that Defendants Martinez and Perez "were deliberately indifferent and malicious by punishing Plaintiff for filing a previous lawsuit against both defendants." *Id.* Plaintiff further alleges that Defendant Martinez "told Plaintiff in a 602 appeal interview that Plaintiff would pay a price for filing grievance lawsuits[,] etc." *Id.* Plaintiff claims that on May 11, 2020, he "notified [Defendant] M. B. Atchley regarding [Defendant] Martinez['s] deliberate indifference and misconduct through the grievance process instead the warden turn[ed] a blind eye to the staff misconduct." *Id.* at 4.

It is difficult to understand the exact allegations of Plaintiff's action regarding events that occurred at SVSP. First, the dates Plaintiff uses are confusing. Plaintiff indicates that he filed a retaliation claim against Defendants on January 20, 2021, but the record shows that he initiated this *instant action* in January 2021 by filing his original complaint in the United States District Court for the Eastern District of California. *See* Dkt. 1. This action was later transferred to this district by a judge in the Eastern District. *See* Dkt. 4. As mentioned, Plaintiff filed an amended complaint and a SAC using the Eastern District Case Number "2:21-cv-00048." *See* Dkts. 7, 10. Thus, it is unclear if Plaintiff claims the retaliatory actions were because Plaintiff filed this action in the Eastern District or whether it was because he filed a prior action against Defendants Martinez and Perez. The Court notes that Plaintiff has filed numerous actions in both this district and the Eastern District. In any event, he now claims that Defendants' actions were in retaliation for filing a "previous lawsuit" and additionally claims that Defendant Martinez told Plaintiff he would "pay a price" for filing "grievance lawsuits[,] etc." Dkt. 10 at 3. Thus, it is unclear whether

---

[2] Plaintiff wrote "October 15, 2021" on his SAC, but the Court assumes this was a typographical error and he meant to write "October 15, *2020*." Dkt. 10 at 3.

1    the alleged retaliation was because Plaintiff filed a lawsuit or a grievance.

2         Moreover, the Court finds that Plaintiff has made only conclusory allegations of
3    retaliation, which do not amount to a cognizable claim of retaliation. To state a claim for First
4    Amendment retaliation against a government official, a plaintiff must demonstrate that (1) he
5    engaged in constitutionally protected activity; (2) as a result, he was subjected to adverse action by
6    the defendant that would chill a person of ordinary firmness from continuing to engage in the
7    protected activity; and (3) there was a substantial causal relationship between the constitutionally
8    protected activity and the adverse action. *Mulligan v. Nichols*, 835 F.3d 983, 988 (9th Cir. 2016).
9    The right of access to the courts extends to the exercise of established prison grievance
10   procedures, *Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir. 1995), such that a prisoner may not be
11   retaliated against for using such procedures. *Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir.
12   2005); *Bruce v. Ylst*, 351 F.3d 1283, 1288 (9th Cir. 2003). Here, Plaintiff states in a conclusory
13   fashion that certain actions by Defendants Martinez and Perez were done in "retaliation." *See* Dkt.
14   10 at 3-4. However, Plaintiff has not alleged clear facts sufficient to support any of the
15   aforementioned elements of retaliation. Plaintiff's conclusory allegations of wrongdoing are
16   insufficient to state a cognizable claim for relief. Plaintiff must *clearly* allege that he engaged in
17   constitutionally-protected conduct (and in this case specify if it was a lawsuit or a grievance), that
18   prison staff took adverse action against him in retaliation for the protected conduct, and that he
19   suffered harm as a result of the retaliation. Plaintiff will be granted the opportunity to amend his
20   retaliation claim in order to bring forth a cognizable claim, if he is able to do so.

21        Furthermore, Plaintiff's claim cannot proceed as pleaded because he has not directly linked
22   Defendant Atchley to his allegations. The allegations against Defendant Atchley take place in
23   May 2020, prior to any of the other events in this action. The Court also notes that Defendant
24   Atchley seems to be sued by Plaintiff as a supervisory official, against whom liability is alleged
25   solely in this Defendant's respondent superior capacity, which is improper. *See Taylor*, 880 F.2d
26   at 1045 (Under no circumstances is there respondeat superior liability under section 1983.).

27        Accordingly, Plaintiff's SAC is DISMISSED with leave to amend in order to correct the
28   aforementioned deficiencies. No further amendments will be allowed. Rule 8(a) of the Federal

Rules of Civil Procedure requires that the complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Additionally, Rule 8(e) requires that each averment of a pleading be "simple, concise, and direct." *See McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996) (affirming dismissal of complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant"). While the federal rules require brevity in pleading, a complaint nevertheless must be sufficient to give the defendants "fair notice" of the claim and the "grounds upon which it rests." *Erickson*, 127 S. Ct. at 2200 (quotation and citation omitted). A complaint that fails to state the specific acts of the defendant that violated the plaintiff's rights fails to meet the notice requirements of Rule 8(a). *See Hutchinson v. United States*, 677 F.2d 1322, 1328 n.5 (9th Cir. 1982). However, under section 1983, liability may be imposed on an individual defendant only if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). As explained above, a supervisor may be liable under section 1983 only upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Redman*, 942 F.2d at 1446. And, there is no respondeat superior liability under section 1983. *See Taylor*, 880 F.2d at 1045.

### III.    CONCLUSION

For the reasons outlined above, the Court rules as follows:

1.     Plaintiff's "Motion Request[ing] to Conduct Discovery and Set Scheduling Conference," is DENIED as premature. Dkt. 9.

2.     The SAC is DISMISSED with leave to amend, as indicated above, within **twenty-eight (28) days** of the date this Order is filed. The third amended complaint must include the caption and civil case number used in this Order—Case No. 21-cv-00446 YGR (PR)—and the words "THIRD AMENDED COMPLAINT" on the first page. Because the third amended complaint completely replaces the prior pleadings, Plaintiff may not incorporate material from the prior pleadings by reference but must include in the third amended complaint all the claims and allegations he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). No further amendments will be allowed. **Plaintiff's failure to file his third amended complaint by**

**the twenty-eight-day deadline or to correct the aforementioned deficiencies outlined above will result in the dismissal of this action without prejudice.**

3.  It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

4.  The Clerk of the Court shall send Plaintiff a blank civil rights complaint form along with his copy of this Order.

5.  This Order terminates Docket No. 9.

IT IS SO ORDERED.

Dated: July 29, 2021

_____
JUDGE YVONNE GONZALEZ ROGERS
United States District Judge