UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CYMEYON HILL,

    Plaintiff,

v.

C. MARTINEZ, et al.,

    Defendants.

Case No. 21-cv-00446-YGR (PR)

**ORDER OF DISMISSAL WITHOUT PREJUDICE**

On July 29, 2021, the Court issued an Order of Dismissal with Leave to Amend; and Denying Plaintiff's Pending Discovery Motion As Premature. Specifically, the Court granted Plaintiff twenty-eight days from the date of the Order to file an amended complaint to allege facts sufficient to state a cognizable constitutional claim. Plaintiff was warned that the failure to timely file an amended complaint would result in the dismissal of this action for failure to prosecute. The time for Plaintiff to file his amended complaint has passed, and no amended complaint has been filed.[1] Taking into account the salient factors set forth in *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992), the Court finds that dismissal is warranted under Federal Rule of Civil Procedure 41(b).[2] *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 989, 992 (9th Cir. 1999) (affirming dismissal

---

[1] On August 13, 2021, Plaintiff returned his copy of the Court's July 29, 2021 Order with the following words written on the first page: "I do not accept this offer to contract and I do not consent to these proceeding[s]/no valid contract. Executed on 8-4-21." Dkt. 15 at 1. Plaintiff then signed his signature under these words and added "without prejudice UCC 1-308" after his printed name. *Id.* He also adds another page at the end of the attached copy of the Court's July 29, 2021 Order in which he makes the same aforementioned representation and adds the following: "I declare that Plaintiff['s] retaliation claim stands for the record and refuse[] to contract and challenge subject matter jurisdiction of the above Court and request that the Court make the corrective action." *Id.* at 8. The Court finds that such a filing does not serve as a valid amended complaint.

[2] If and when Plaintiff is prepared to pursue his claims, he may file a new civil rights action. The limitations period to file a section 1983 action in California is two years, but it is tolled for up to two years during a continuous period of incarceration. *See Silva v. Crain*, 169 F. 3d 608, 610 (9th Cir. 1999) (holding, pursuant to Cal. Civ. Proc. Code § 340(3), that the limitations period for filing a section 1983 action in California is one year); S.B. 688 (amending Cal. Civ. Proc. Code § 340(3) and adding section 335.1 to establish two-year residual limitations period for personal injury actions); Cal. Civ. Proc. Code § 352.1(a) (providing for an additional two years of tolling during a period of continual imprisonment).

1  of action following plaintiff's failure to amend complaint after receiving leave to do so, where the
2  interest in expeditious resolution of litigation, the court's management of its docket, and avoiding
3  prejudice to defendants favored dismissal).
4      Accordingly, IT IS HEREBY ORDERED that the complaint in the above-captioned action
5  is DISMISSED.  The Clerk of the Court shall terminate any pending motions and close the file.
6      IT IS SO ORDERED.
7  Dated: September 20, 2021

_____
JUDGE YVONNE GONZALEZ ROGERS
United States District Judge